In the Matter of NORMAN STIER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 14, 1987

#### APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Stanley R. Goodman* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Norman Stier was admitted to practice as an

attorney and counselor-at-law in the First Department on December 22, 1969, and has maintained an office for the practice of law in the First Department at all times relevant herein.

Following a hearing before a Departmental Disciplinary Committee (DDC) panel, respondent has been found guilty, *inter alia,* of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4), conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5), knowingly giving false testimony in violation of DR 7-102 (A) (5) and (6), and disregarding a standing rule of the Appellate Division in violation of DR 7-106 (A).

Respondent's now admitted misconduct arises out of his failure to abide by the terms of an agreement he entered into in June 1980 with Elizabeth Mitler, the widow of Louis Mitler, and executrix of his estate. Pursuant to their agreement respondent, an attorney, took over the representation of certain clients of Louis Mitler. Although respondent promised to pay the Mitler estate a percentage of the fees he received from representing the clients specified in the agreement, he did not do so. The estate was paid only a fraction of the amount to which it was entitled, a circumstance which respondent apparently tried to conceal by repeatedly failing to file retainer and closing statements or failing to file such statements in timely fashion as the rules of this court require. *(See,* 22 NYCRR 603.7.)

In February 1983, the Mitler estate commenced an action in Supreme Court, New York County, against respondent, his law partner, and his law firm seeking an accounting of fees and disbursements in matters which were the subject of the above-mentioned agreement. Respondent interposed an answer in the action containing numerous denials which were false and known to be so. Thereafter, he failed to appear for his noticed deposition. When, facing court-ordered sanctions, he finally did appear for deposition, he testified falsely and failed to produce documents requested by the estate's counsel. Production of the requested documents was subsequently ordered by Special Term, but the order was not complied with. Citing respondent's repeated and willful frustration of the discovery process, the estate moved to strike the answer of respondent and his law partner. The motion was granted by Justice Seymour Schwartz in an order dated October 28, 1983. Justice Schwartz noted that respondent has disregarded two court

orders and had "engaged in dilatory tactics in an effort to avoid court-ordered discovery." The matter was set down for an inquest. Following the denial of a motion for reargument, respondent and his law partner agreed in July 1984, to settle the action upon their payment to the Mitler estate of $25,000 and 40% of any future fees collected in specified pending proceedings.

Having been formally charged by the Departmental Disciplinary Committee in connection with the Mitler matter, respondent appeared before committee counsel to be interviewed on January 25, 1985. At that interview, he gave false testimony respecting his right to fees in two cases covered by the agreement with the Mitler estate.

At the conclusion of respondent's hearings before the DDC panel, he was formally reprimanded. In addition, the Hearing Panel recommended that respondent be suspended from the practice of law for a period of two years. Counsel for petitioner Departmental Disciplinary Committee, while presently seeking confirmation of the Hearing Panel's findings of fact and conclusions of law, suggests that respondent's repeated and serious misconduct warrants more than a suspension, and that he should be disbarred.

We agree with the DDC counsel that a suspension is not an adequate sanction given the gravity of the misconduct proven against respondent. The record demonstrates without question that over a period of years respondent systematically breached his agreement with the Mitler estate so as to enrich himself at the expense of the estate and Mr. Mitler's widow. When called to account for the moneys due the estate, respondent compounded his already numerous wrongful acts by attempting their concealment. His deceitful and, indeed, contemptuous conduct persisted through the above-mentioned civil action and beyond into the disciplinary hearing process. Although respondent now admits his wrongdoing and professes contrition therefor, it cannot be overlooked that this realization is all too recent. Just as respondent's admission of liability to the estate came only after his answer in the accounting proceeding had been stricken and his request for reargument denied, so his newfound remorse surfaced only when it was clear that he would be found guilty of much if not all the charged professional misconduct and would consequently face a stern sanction.

There are no mitigating factors to explain or excuse respon-

dent's behavior. He has been found guilty of 23 separate acts of misconduct each of which was part of a deliberate and sustained attempt to avoid his obligations by the most dishonest means. Although respondent's dishonesty did not adversely affect the interests of a client, we cannot discount the possibility that such behavior will recur in circumstances where clients' interests are implicated. This was not one isolated incident but a willful course of conduct which, as noted, was perpetuated over several years.

It is bad enough when a member of the Bar knowingly fails to honor his or her obligations, making legal proceedings necessary. But when, as here, an attorney, in addition, compromises the effectiveness of those proceedings by submitting false pleadings, giving false deposition testimony, and failing to comply with court-ordered discovery to the extent that his pleadings are struck, we are left with little alternative but to impose the sanction of disbarment. The reputation of the profession and integrity of the legal process are not adequately safeguarded when such pronounced misconduct is suffered lightly.

Accordingly, the motion by petitioner Departmental Disciplinary Committee for an order confirming its findings of fact and conclusions of law should be granted, respondent should be disbarred, and his name ordered stricken from the roll of attorneys in the State of New York.

MURPHY, P. J., SANDLER, MILONAS, ROSENBERGER and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective June 15, 1987.